```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RISEN ENERGY CO., LTD.,                                     :
                              Petitioner,                   :
                                                            :    23 Civ. 10993 (LGS)
              -against-                                     :
                                                            :    OPINION AND ORDER
FOCUS FUTURA HOLDING PARTICIPACOES                          :
S.A.,                                                       :
                              Respondent.                   :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

On September 25, 2023, the International Chamber of Commerce (the "ICC") issued an arbitral award (the "Award") against Petitioner, Risen Energy Co., Ltd., in favor of Respondent, Focus Futura Holding Participações S.A. At issue are Petitioner's motion to vacate the Award and Respondent's cross-motion to confirm the Award. For the following reasons, Petitioner's motion to vacate is denied, and Respondent's motion to confirm is granted. Respondent's related request for attorneys' fees is denied.

I.  BACKGROUND

The following facts are taken from the briefing, sworn declarations of the parties' counsel and attached exhibits, including the Award.

Petitioner, a corporation organized under the laws of the People's Republic of China, supplies photovoltaic modules. Respondent, a corporation organized under the laws of Brazil, specializes in the renewable energy market and is developing a photovoltaic electricity-generating facility in Brazil. In December 2020, Petitioner and Respondent entered into agreements (the "Agreements") for Petitioner to supply Respondent with photovoltaic modules. Pursuant to the Agreements, Respondent was required to make a down payment to Petitioner,

conditioned on Petitioner first delivering Down Payment Guarantees from a bank that would guarantee repayment of Respondent's down payment under certain circumstances.  This provision was subject to certain timing requirements.  Within ten days of receiving a Notice to Proceed, Petitioner was obligated to deliver the Down Payment Guarantees, which in turn triggered a twenty-day period for Respondent to deliver the down payment.  On February 26, 2021, Respondent sent Petitioner a Notice to Proceed and on March 11, 2021, Petitioner returned a draft Down Payment Guarantee with certain information missing, asking Respondent to complete the draft.  On March 15, 2021, Respondent sent Petitioner notice claiming Petitioner had breached the Agreements by failing to provide the Down Payment Guarantees.  For the next several months, the parties engaged in further re-negotiation of the Agreements' pricing but were unable to come to new terms.  On June 29, 2021, Respondent sent Petitioner a notice of termination, claiming that Petitioner had breached the Agreements.

Respondent then initiated arbitration proceedings against Petitioner pursuant to ICC Rules.  Among other claims, Respondent claimed that under New York law, Petitioner had materially breached the Agreements by failing to deliver the Down Payment Guarantees.  Petitioner argued that any breach due to its failure to deliver the Down Payment Guarantees was not material.  The arbitration tribunal (the "Tribunal") held in its Award that Petitioner's obligation to deliver the Down Payment Guarantees was material, that Petitioner was in material breach of that obligation and that the breach triggered Respondent's right to terminate the Agreements.  The Tribunal awarded Respondent nearly $60 million in direct damages, with additional interest, as well as approximately $5 million in attorneys' and arbitrators' fees and costs.

II.     STANDARD

Petitioner brings suit under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 ("New York Convention"), as applied through the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208. Under the FAA, a party to an arbitration proceeding may apply for a court order confirming the award, which a court "shall confirm . . . unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified" in the New York Convention. 9 U.S.C. § 207. Ordinarily, confirmation of an arbitration decision is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022).[1] A court's review of an arbitration award is "very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Id.* "That review is extremely deferential to the findings of the arbitration panel." *Id.*

The New York Convention, which the FAA expressly incorporates, provides seven exclusive grounds for refusing confirmation of an award. *See* 9 U.S.C. § 207; *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 159-60 (2d Cir. 2021). The party "opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses applies." *Commodities*, 49 F.4th at 809-10.

While the New York Convention does not articulate a basis for vacating arbitration awards, the Second Circuit has held that a court may also "set aside an arbitration award if it was rendered in manifest disregard of the law." *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 109 (2d Cir.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

2019). "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *Id.* This occurs "when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice." *Id.* A court may vacate an Award due to manifest disregard of the law "only if the court finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d Cir. 2016). In contrast, a court "will uphold an arbitration award under this standard so long as the arbitrator has provided even a barely colorable justification for his or her interpretation of the contact." *Weiss*, 939 F.3d at 109.

## III.  DISCUSSION

### A. Vacatur of the Award

Petitioner has not carried the significant burden to vacate the Award because of manifest disregard of the law. Therefore, Petitioner's motion to vacate the Award is denied, and Respondent's cross-motion to confirm the Award is granted.

Petitioner argues that the Tribunal committed manifest disregard of the law by applying the incorrect legal standard when it decided that Petitioner's failure to deliver the Down Payment Guarantees constituted a material breach of the Agreements. Specifically, Petitioner argues that the Tribunal's conclusion that the breach was of a "material obligation" does not necessitate a finding that the breach *itself* was material. Petitioner asserts that here, the breach was not material because it was not so substantial that it defeated the parties' object in the Agreements.

4

The Tribunal's analysis of the breach does not manifestly disregard the law. Instead, the Tribunal, as part of an extensively reasoned, 166-page Award, interpreted the Agreements and New York law to decide that the obligation to deliver the Down Payment Guarantees within a reasonable time period was a critical step in the Agreements' performance. By failing to move the guarantee process forward, Petitioner materially breached the Agreements. The Tribunal explained that, absent the Down Payment Guarantees, "the payment obligation for the initial 5% on the part of [Respondent] was not triggered." While Respondent "could simply have taken the risk of payment of the initial 5% without having received the Down Payment Guarantee," to do so "would be irreconcilable with the carefully structured arrangements and financial comfort concomitant with such an instrument." Because Petitioner failed to deliver the guarantees in a reasonable time period and because moving forward without the guarantees would deprive Respondent of its carefully negotiated protections, the Tribunal found that the entire agreement was frustrated and could not be completed. The Tribunal stated that delivering the Down Payment Guarantees late became the "*sine qua non* of the Agreements moving forward[,]" as "[s]upply of [the photovoltaic modules] may well be at the root of the Agreements, but so was payment."

The Tribunal correctly applied New York law, which defines a material breach as one that "goes to the root of the matter or the essence of the contract." *E. Empire Constr. Inc. v. Borough Constr. Grp. LLC*, 156 N.Y.S.3d 148, 154 (1st Dep't 2021); *accord JMD Holding Corp. v. Cong. Fin. Corp.*, 828 N.E.2d 604, 612 (N.Y. 2005) (holding breach of provisions of contract that would have given the counterparty essential information was a material breach); *Legacy Agency, Inc. v. Scoffield*, 559 F. Supp. 3d 195, 209 (S.D.N.Y. 2021) (A material breach goes "to the root of a contract."). Far from intentionally ignoring a well-established legal

5

standard, the Tribunal interpreted the agreements and facts, applied this standard for material breach and concluded that a material breach had occurred. The Award provides more than just a "barely colorable justification for the outcome reached." *Seneca Nation of Indians v. New York*, 988 F.3d 618, 628 (2d Cir. 2021). The Court's role is not to second-guess the Tribunal's reasonable interpretation of the Agreements and the law.

### B. Attorneys' Fees

Respondent's request for attorneys' fees is denied. "Generally, in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." *Commodities*, 49 F.4th at 819. "Section 9 of the FAA does not provide such statutory authority, because it makes no mention of the recovery of attorney's fees. Still, a court retains inherent equitable powers to award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* To ensure, however, that fear of an award of attorneys' fees will not deter persons with colorable claims from pursuing those claims, there must be both "clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes and a high degree of specificity in the factual findings of the [court]." *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012); *accord Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson & Rosenthal P.C.*, No. 16 Civ. 4762, 2023 WL 5570618, at *7 (S.D.N.Y. Aug. 29, 2023). Here, although Petitioner's arguments fail, the record does not support a finding that Petitioner acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Commodities*, 49 F.4th at 819.

Respondent argues that Petitioner has failed to abide by the Award without justification by breaching Section 18.6, which allows the parties to "resort to the Judiciary" only in limited circumstances, and Section 18.5, which states that the parties "waive any form of appeal against

the arbitral award."  Respondent argues that because of these breaches, Respondent should be awarded attorneys' fees in this action.  First, the Agreements also include consent by the parties to be bound by the ICC rules and New York law, which allow for arguments that an arbitral award manifestly disregards the law.  "The parties having effectively incorporated FAA review into their contract, the argument that [Petitioner] breached that contract by making arguments the FAA permits is unconvincing."  *Zurich Am. Ins. Co.*, 811 F.3d at 590.  Second, courts have held provisions that prevent or discourage petitioners from challenging arbitral awards are unenforceable.  *Id.* at 591.  These provisions, if interpreted according to Respondent's view, would be just such unenforceable provisions.  Respondent is not entitled to attorneys' fees based on these provisions.

Likewise, Respondent's argument that the Agreements require an award of attorneys' fees is unpersuasive.  Respondent argues that the Agreements provide for attorneys' fees under Section 18.2(h), which states that "[d]uring the course of the arbitration, each party must bear its own expenses, costs and attorney fees, if applicable.  The prevailing party shall have the right to be reimbursed by its counterparty for the expenses, costs and reasonable attorney fees, as per the decision of the Tribunal."  Petitioner in turn argues that Section 18.2(h) applies only to fees incurred during the arbitration proceedings, and not to fees resulting from later proceedings before this Court.  Petitioner's argument is more persuasive, as by the plain language of the provision, the fees in question are fees related to the arbitration itself, "as per the decision of the Tribunal" and not the Court.  Had the parties wished to allocate attorneys' fees for any post-arbitration litigation before a court, they could have done so.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate the award is DENIED, and Respondent's cross-motion to confirm is GRANTED. Respondent's request for attorneys' fees is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. 23 and terminate this case.

Dated: June 11, 2024
      New York, New York

                                                    LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE